UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIBO ZUO,

                Petitioner,

     v.

LAURA HERMOSILLO, et al.,

                Respondents.

CASE NO. 2:26-cv-00708-JHC

ORDER

This matter comes before the Court on Petitioner Zhibo Zuo's Petition for Writ of Habeas Corpus. Dkt. # 1. Petitioner argues that he is entitled to habeas relief because his detention follows from a constitutionally deficient process; he challenges the evidentiary basis and procedure used by an immigration judge (IJ) in his bond hearing pursuant to 8 U.S.C. § 1226(a). *See* Dkt. # 1 at 2, 8-15. Respondents counter that (1) Petitioner has failed to exhaust his administrative remedies; (2) even if he has, he has not identified a constitutional violation that occurred at the bond hearing; and (3) rather, he is asking the Court to review the IJ's discretionary decision, which is not subject to judicial review. *See* Dkt. # 4 at 6-10 (citing § 1226(e)).

Unlike in *W.T.M. v. Bondi*, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026), which Petitioner relies on, the IJ's basis for its determination is unclear from the record. In *W.T.M.*, the

ORDER - 1

court considered "the question of whether a recalled or inactive bench warrant can ever serve as the sole basis for an IJ's determination that a petitioner is a flight risk and resultant bond denial." *Id*. at 2. Here, the question is not so simple. Petitioner has a 2010 conviction for domestic assault, a 2011 DUI charge with no conviction, and a 2025 charge for driving without a license. Dkt. # 1 at 7. The IJ found he was a flight risk and a danger to the community but provided no basis for the finding. Dkt. # 1-8. Petitioner asks the Court to speculate as to the IJ's reasoning, and as Respondents say, this record can and should be further developed in the immigration court. Dkt. # 4 at 8 ("if appealed, the immigration judge will prepare a written decision in addition to the form order issued at the bond hearing if Petitioner appeals the bond determination").

Petitioner's constitutional claim may be colorable, but "[t]he Ninth Circuit distinguishes between constitutional claims that only an Article III court can resolve and issues with constitutional implications that may nonetheless be corrected by the BIA on appeal." *Aden v. Nielsen*, 2019 WL 5802013, at *1 (W.D. Wash. Nov. 7, 2019) (citing *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995) & *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)). Petitioner's claim falls within this latter category, and "[t]he latter category of challenges is subject to prudential exhaustion requirements." *Id.*

Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). But exhaustion can be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the

ORDER - 2

administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Beyond the need for the record to be further developed, further proceedings in the immigration court could preclude the need for judicial review and failure to require exhaustion could encourage the deliberate bypass of the agency. Thus, the *Puga* factors favor prudential exhaustion. *See Aden*, 2019 WL 5802013, at *3 (denying even where the administrative record is "sufficiently developed"). Petitioner says that a bond appeal routinely takes a significant amount of time to resolve, but he has not shown that his detention pending appeal constitutes irreparable harm sufficient to waive the exhaustion requirement. *See Aden*, 2019 WL 5802013, at *3. Because Petitioner has not shown he is entitled to waiver of prudential exhaustion, he must exhaust his administrative remedies.

For these reasons, the Petition is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3